IN THE CIRCUIT COURT OF
THE SEVENTEENTH JUDICIAL CIRCUIT,
IN BROWARD COUNTY, FLORIDA

SANDRA SMITH, individually and on
behalf of all those similarly situated,

                 Plaintiff,

                                      Case No.

v.

CRISP MARKETING, LLC,

                 Defendant.

                                      /

## CLASS ACTION COMPLAINT

Plaintiff, Sandra Smith, appearing both individually and on behalf of all others similarly situated, by and through her attorneys, brings this class action against Defendant, Crisp Marketing, LLC, based upon personal knowledge as to her own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by her counsel, and alleges as follows:

### NATURE OF THE ACTION

1.      This is a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2.      Defendant Crisp Marketing, LLC ("Crisp Marketing") is a Florida based marketing company that sells leads in the insurance space.

3.     Defendant Crisp Marketing uses pre-recorded messages to make outbound telemarketing calls to hundreds if not thousands of consumers across U.S., soliciting consumers for insurance services.

4.     By doing so, Defendant Crisp Marketing has violated the TCPA when it called consumers without consent.

5.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls.  Plaintiff additionally seeks damages as authorized by the TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

## THE PARTIES

6.     Plaintiff Sandra Smith is a resident of Ohio.

7.     Defendant Crisp Marketing Club Inc. is a Florida corporation with its principal place of business in Fort Lauderdale, FL.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2).  The matter in controversy exceeds the sum or value of $30,000, exclusive of interest, costs, and attorneys' fees.

9.     Defendant is subject to personal jurisdiction in Florida because they are situated in Florida and the conduct giving rise to this case was directed from Florida. Defendant made or caused to be made telephonic sales calls from Florida.

10.     Venue for this action is proper in this Court because the facts giving rise to this action occurred in this Circuit.

## STATEMENT OF FACTS

11.     Plaintiff Smith is the subscriber and the sole user of the cell phone number ending

with xxx-xxx-1429.

12.　　The calls were intended to generate customers for Crisp's insurance clients.

13.　　The Plaintiff believes she received many pre-recorded calls from the Defendant throughout May and June of 2021, including specifically on June 22, 2021.

14.　　The calls were made using pre-recorded messages.

15.　　Some of the pre-recorded messages stated:

   a.　"Hello this is…How are you doing?"

   b.　"Would you like to know more about your insurance options?"

   c.　"Are you looking for an individual or family plan?"

   d.　"Would you like to reduce your health insurance bill? I can transfer you to a license agent."

16.　　In order to identify the entity that had been calling her repeatedly, an investigation was made into who had been calling her.

17.　　By providing information to the caller, a transfer resulted to Go Health, an insurance company.

18.　　Go Health is a client of Crisp Marketing.

19.　　Plaintiff's counsel contacted Go Health, who identified Crisp Marketing as being responsible for the lead and making the prerecorded call.

20.　　In response to these unsolicited telephonic calls, Plaintiff files this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act as well as an award of statutory damages.

## CLASS REPRESENTATION ALLEGATIONS

21.    Plaintiff seeks to represent a class of similarly situated individuals pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3), consisting of:

> **Robocall Class:** All persons in the United States whose (1) telephone numbers were assigned to a cellular telephone service or a service for which they are charged per call at the time of the call (2) but who received at least one call from or on behalf of Defendant (3) utilizing the same or a similar pre-recorded message used to contact the Plaintiff (4) from the four years prior to the filing of the complaint through the date of trial.

22.    Defendant and its employees or agents are excluded from the Class.  Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

23.    Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

24.    Members of the Class are so numerous that their individual joinder is impracticable.

25.    On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

26.    The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

27.    Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

4

## Commonality

28.     Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

29.     Common legal and factual questions include, but are not limited to, whether Defendant has violated the Telephone Consumer Protection Act, whether the Defendant used a pre-recorded voice to make the calls, and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

## Typicality

30.     The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited pre-recorded calls from the Defendant without giving them his consent to receive such calls.

## Adequacy of Representation

31.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

32.     The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

## Superiority

33.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

34.     Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

35.     Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

36.     Individualized litigation also presents a potential for inconsistent or contradictory judgments.

37.     In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

38.     Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Robocall Class)**

39.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

40.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making pre-recorded calls to the cellular telephone numbers of Plaintiff and class members.

41.     The Defendant's violations were negligent, willful, or knowing.

42.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

43.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making pre-recorded calls to cellular telephone numbers, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)     For an order certifying the Classes under Florida Rule of Civil Procedure 1.220 and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)     For an award of statutory damages for Plaintiff and each member of the Classes;

(c)     For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d)     For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: September 27, 2021    Respectfully submitted,

          */s/ Avi R. Kaufman*
          Avi R. Kaufman, Esq. (Florida Bar No. 84382)
          **KAUFMAN P.A.**
          400 Northwest 26th Street
          Miami, Florida 33127
          kaufman@kaufmanpa.com
          (305) 469-5881

          *Counsel for Plaintiff and all others similarly situated*